UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv326-FDW

| DAVID MATTHEW JONES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| MIKE BALL, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon initial review of David Matthew Jones's Petition for Writ of Habeas Corpus filed January 13, 2015, pursuant to 28 U.S.C. § 2254. ECF No. 1.

**I. STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

**II. BACKGROUND**

Petitioner was convicted by a Buncombe County, North Carolina jury of first-degree statutory rape and taking indecent liberties with a child. Judgment was entered on October 14, 2004, and Petitioner was sentenced to an active prison term of 288 to 355 months. The North Carolina Court of Appeals affirmed his convictions and sentence in an unpublished opinion filed on May 16, 2006. State v. Jones, 629 S.E.2d 620 (N.C. App. 2006) (Table). Petitioner did not

seek review by the North Carolina Supreme Court or file a motion for appropriate relief (MAR) with the state superior court in Buncombe County. Pet. 3, 6, 8, ECF No. 1.

## III. DISCUSSION

### A. EXHAUSTION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioner concedes that neither of the claims raised in his § 2254 habeas petition has been presented to the state courts. Pet. 3, 6, 8, ECF No. 1. He, therefore, has failed to fully exhaust his state remedies.

### B. STATUTE OF LIMITATIONS

Additionally, the instant § 2254 habeas petition is untimely. Under AEDPA, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on or about August 14, 2006, i.e., ninety days after the May 16, 2006 order of the North Carolina Court of Appeals disposing of his direct appeal. See Clay v. United States, 537 U.S. 522, 527 (2003). The federal statute of limitations period then ran for 365 days and fully expired on or about August 14, 2007. See § 2244(d)(1)(A). Petitioner filed his federal habeas petition more than seven years later. It, therefore, is clearly time-barred and must be dismissed unless Petitioner can demonstrate that he is entitled to equitable tolling. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).")[1]

To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has not shown that he was diligent in pursuing his right to file his § 2254 petition, nor has he

---

[1] Petitioner's reliance on § 2244(d)(1)(C), which requires that a federal habeas petition be filed within one year of the date on which the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review, indicates that he is aware that his petition is otherwise untimely. Moreover, his citation to Martinez v. Ryan, 132 S. Ct. 1309 (2012), for support is misplaced. The Supreme Court did not recognize a new constitutional right in Martinez, Furthermore, even assuming that Martinez established a new constitutional right that is retroactive on collateral review, see § 2244(d)(1)(C), it applies only in situations where there were state collateral post-conviction review proceedings, see Trevino v. Thaler, 133 S.Ct. 1911, 1918 (2013). There were no state collateral post-conviction review proceedings in Petitioner's case, so Martinez would not apply.

shown that an extraordinary circumstance prevented him from filing the petition in a timely manner.

Petitioner raises two claims in the instant petition. – ineffective assistance of appellate counsel and insufficiency of the evidence. Pet. 6-7, ECF No. 1. The basis for these two claims centers upon the admission at trial of opinion testimony by one of the State's witnesses. The North Carolina Court of Appeals held that admission of the testimony was plain error. Jones, 629 S.E.2d at *3. Consequently, Petitioner was aware of the underlying grounds for the two claims raised here as soon as the state appellate court issued its opinion in 2006. Nevertheless, he failed to take any further action in the state courts.

## III. CONCLUSION

Petitioner's § 2254 habeas petition is unexhausted. Ordinarily, the Court would dismiss the petition without prejudice to allow Petitioner to return to the state courts to exhaust his state court remedies. The petition also is untimely, however, and the circumstances here do not warrant equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). As such, the Court will dismiss the petition on that ground.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's petition for a writ of habeas corpus, ECF. No 1, is **DISMISSED** as untimely;

4

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 20, 2015

Frank D. Whitney
Chief United States District Judge